UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHINA NATIONAL CHARTERING CORP.,

                Plaintiff,


        -against-                                   06 Civ. 13107 (LAK)


PACTRANS AIR & SEA INC.,

                Defendant-Third Party
                Plaintiff,


        -against-


DEVON INTERNATIONAL TRADING, INC., et al.

                Third Party Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


      Appearances:


                        John J. Sullivan
                        Andrew R. Brown
                        HILL RIVKINS & HAYDEN LLP
                        *Attorneys for Defendant-Third Party Plaintiff*


                        Garth S. Wolfson
                        MAHONEY & KEANE, LLP
                        *Attorneys for Third Party Defendants*


LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on a motion by the third party defendants (collectively, "Devon") to vacate Supplemental Rule B attachments obtained by defendant-third party plaintiff Pactrans Air & Sea Inc. ("Pactrans") and for counter-security. Magistrate Judge Ronald E. Ellis has filed a report and recommendation (the "R&R") suggesting that the Court grant the motion to vacate and deny counter-security. Pactrans objects. The matter raises once again the question when a court ought to vacate a Rule B attachment on equitable grounds.

### Facts

Devon retained Pactrans as a freight forwarder to ship a cargo of gypsum wallboard from China to Pensacola, Florida. Pactrans, acting as Devon's agent, in turn chartered the M/V SANKO RALLY from plaintiff China National Chartering Corp. ("CNCC") for that purpose. Pactrans claims that Devon was obliged by the charter party to make all payments for charter hire and other costs and expenses relating to the shipment including, *inter alia,* demurrage. Pactrans, in turn, was obliged to load, stow and secure the cargo.

The cargo was loaded in Qingdao, China, in April 2006. Pactrans maintains that Devon prevented it from directing or supervising the loading and stowage. When the vessel arrived in Pensacola in June 2006, an inspection determined that much of the cargo had been damaged and/or destroyed during transport. The vessel and the remainder of the cargo were delayed for a number of days in order to permit sorting and discharging the sound portion of the cargo.

### The Lawsuits and the Arbitration

A good deal of litigation ensued:

- In June 2006, Devon sued the M/V Sanko Rally *in rem* and Pactrans *in personam* in the Northern District of Florida for damage to the cargo (the "Devon Action").  On November 6, 2006, Pactrans counterclaimed in that action for indemnification and/or contribution for any liability it may have to CNCC.

- In August 2006, Pactrans filed its own action against Devon and CNCC in the Northern District of Florida (the "Pactrans Action") seeking the same relief as it seeks in its counterclaim in the Devon Action.

- In November 2006, CNCC commenced this action (the "CNCC Action") to obtain a Rule B attachment in aid of an arbitration claim in China that seeks to hold Pactrans liable for failure to pay demurrage associated with the delay in Pensacola.  Pactrans filed a third party complaint here against Devon in December 2006.  It asserts that Devon is obliged to indemnify it for any liability it may have to CNCC.

*The Attachment at Issue*

Pactrans obtained Rule B attachments against Devon in connection with its third party complaint in this, the CNCC action.  Devon moves to vacate them or, in the alternative, for counter-security.

*The Report and Recommendation*

Devon argued that the process of maritime attachment and garnishment should be

vacated because (1) Devon and Pactrans both appeared *in personam* in the Florida actions and, in any case, (2) Devon would be subject to *in personam* jurisdiction in another jurisdiction convenient to Pactrans.  The R&R recommends vacatur of the attachments on the first theory, viz. that both Devon and Pactrans are "present" in the Northern District of Florida by virtue of their appearances and amenability to suit there.  It comments also, in an adverse way, on Pactrans' resort to Rule B in this district after two actions already were pending in Florida.  Pactrans objects, arguing essentially that the Florida actions are inactive, that neither it nor Devon is present in Florida in any relevant sense, and that its resort to Rule B in this action was not abusive in light of the fact that it did not select this forum but was hauled into it by CNCC.

*Discussion*

In *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,*[1] the Second Circuit confirmed that a motion to vacate a Rule B attachment must be granted if the applicant "fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E."[2]  It went on to say that "vacatur is appropriate in other limited circumstances."[3]  Without attempting to define the ultimate boundaries of a district court's discretion, it stated that:

> "a district court may vacate the attachment if the defendant shows . . . that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain *in personam* jurisdiction over the defendant in the district where the plaintiff

---

[1]
      460 F.3d 434 (2d Cir. 2006).

[2]
      *Id.* at 445.

[3]
      *Id.*

is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise."[4]

Neither the second nor the third of these conditions is satisfied here.  The question of vacatur therefore turns on whether the fact that Devon is subject to suit, at least by way of a counterclaim in the Devon Action,[5] in the Northern District of Florida satisfies the requirement of its being subject to suit in a "convenient adjacent jurisdiction."  This requires analysis of the considerations that resulted in the Circuit's use of that phrase.

*Aqua Stoli* discussed at length the development of the broad maritime attachment rule and the fact that the relatively recent adoption of Supplemental Rule E(4)(f) reflected principally, perhaps exclusively, a desire "to provide the post-deprivation hearing required by Due Process."[6] It concluded, generally speaking, that "Congress chose a determinate rule [permitting maritime attachments] rather than a flexible standard to ensure that attachments may be obtained with a minimum of litigation" and that such attachments "may be vacated only in certain limited circumstances."[7]  Among these circumstances is a situation in which "the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff" – a paradigmatic case being one in which assets are located in the Eastern District of New York but

---

[4]

     *Id.*

[5]

     Devon has asserted the defense of lack of *in personam* jurisdiction in its answer in the Pactrans Action.  That issue has not yet been resolved there.

[6]

     *Id.* at 440; *see also id.* at 444.

[7]

     *Id.* at 443-44.

the defendant is located "across the river" in the Southern District.[8]  Its use of the phrase "convenient adjacent jurisdiction" followed and summed up that discussion.[9]

Taking the *Aqua Stoli* opinion as a whole, I am persuaded that the use of the word "adjacent" was not intended to limit a district court's discretion to vacate a maritime attachment on the basis of a defendant's amenability to suit *in personam* in another convenient district only to situations in which that other district literally abutted upon the district in which the attachment was obtained.  Rather, the fundamental considerations are whether the defendant in fact is subject to *in personam* jurisdiction elsewhere and, if so, whether the district in which that is the case is convenient to the plaintiff or attaching party.

In this case, it appears that both Pactrans and Devon are strangers to the Northern District of Florida.  But that fact does not end the discussion on the unusual facts of this case.  Devon brought the Devon Action against Pactrans in June 2006.  While Pactrans asserted the defense of lack of personal jurisdiction in its answer in that case, it sued Devon in that district in August 2006 (the Pactrans Action).  Moreover, it asserted a counterclaim against Devon in the Devon Action – a counterclaim duplicative of its complaint in the Pactrans Action – in November 2006.  It did not file its third party complaint against Devon in this case until December 2006.

Two conclusions flow from this sequence of events.  First, Pactrans cannot be heard to complain of any inconvenience of litigating in the Northern District of Florida inasmuch as it chose to file its own action against Devon there.  Second, Devon will not be heard to contend that

---

[8]
       *Id.* at 444.

[9]
       *Id.* at 445.

it is not subject to personal jurisdiction on Pactrans' claim against it in Florida because it subjected itself to personal jurisdiction there by commencing the Devon Action against Pactrans, at least with respect to any counterclaim arising out of the same transactions or occurrences as its complaint.[10]

        Finally, Pactrans' effort to avoid vacatur by reference to the status of the Florida actions fails. While the Pactrans Action has been stayed pending the arbitration in China, that does not bear on the question whether Devon is amenable to suit there, particularly via Pactrans' counterclaim in the Devon Action. Nor does Devon's statement in a recent filing in the Devon Action to the effect that it "has settled its interests in [that] matter, and [that] the parties are framing the dismissal of the cargo action."[11] The settlement reference appears to have been to its *in rem* claim against the vessel, and the cargo action has not been dismissed. Quite obviously, Devon has not settled its dispute with Pactrans.

        In these circumstances, Devon has established "that it [is] subject to *in personam* jurisdiction in another jurisdiction convenient to" Pactrans and that vacatur of the process of maritime attachment and garnishment is appropriate.

### *Conclusion*

        For the foregoing reasons, Devon's motion to vacate the process of maritime attachment and garnishment [docket item 31] is granted. Pactrans' cross-motion to compel Devon

---

[10]

    *E.g.*, *Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1141-42 (N.D. Cal. 2003); *Peters Fabrics, Inc. v. Textiles Fabricato De Nicaragua, S.A.*, No. 77 Civ. 1774-CSH, 1985 WL 531, at *5 (S.D.N.Y. Apr. 15, 1985); *Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15, 18-19 (E.D.N.Y.1997).

[11]

    Pactrans Obj. Ex. 1.

8

to post counter-security and to dismiss its counterclaim [docket item 35] are denied as moot.

SO ORDERED.

Dated:          December 16, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)