UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHINA NATIONAL CHARTERING CORP.,

                Plaintiff,

-against-                                    06 Civ. 13107 (LAK)

PACTRANS AIR & SEA INC.,

                Defendant-Third Party
                Plaintiff,

-against-

DEVON INTERNATIONAL TRADING, INC., et al.

                Third Party Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 5/18/09

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the motion by defendant Pactrans Air & Sea, Inc. ("Pactrans") to vacate the process of maritime attachment and garnishment issued in favor of plaintiff China National Chartering Corp. ("CNCC"). The general nature and background of the dispute and pertinent procedural background appear in my earlier decision in this case, *China National Chartering Corp. v. Pactrans Air & Sea, Inc.*, 589 F. Supp.2d 403 (S.D.N.Y. 2008) *"CNCC I").*

        Pactrans seeks relief on three grounds, viz. (1) CNCC and Pactrans are already present in another convenient jurisdiction, i.e., the Northern District of Florida, (2) the Rule B attachment should be vacated in deference to Pactrans' first filed Florida action, which is referred to in *CNCC I* as the Pactrans Action, and (3) the forum selection and arbitration clause in the contract at issue forecloses ancillary relief in this Court. Each of these contentions is entirely without merit.

        First, the fact that Pactrans and, apparently, Devon brought the Pactrans and Devon

2

Actions, respectively, against CNCC in Florida does not render CNCC present or located in that district, let alone render that district convenient to CNCC. In fact, CNCC has not appeared in either action, and Pactrans has offered no evidence supporting its contention that CNCC is present or located there.

Second, this proceeding is ancillary to the Chinese arbitration. CNCC has not sought, and has committed not to seek, to litigate the merits of the parties' dispute here. The first filed rule therefore does not apply. Even if it did, the rule is not one requiring mechanical application. In these circumstances, there is no reason to defer to the Florida action, particularly in view of the fact that there has been no showing that CNCC is subject to jurisdiction there. *See, e.g., Kaloe Shipping Co. V. Goltens Servs. Co.,* No. 06 Civ. 7090 (S.D.N.Y. Oct. 11, 2006) (bench opinion at 25-27).

Finally, this forum selection clause (Zou Decl. Ex. F ¶ 19), which provides for arbitration in a foreign jurisdiction, does not warrant vacatur of a Rule B attachment in this Court. *See Consub Delaware LLC v. Schahin Engenharia Ltda,* 543 F.3d 104, 114 (2d Cir. 2008).

Defendant's motion [docket item 57] is denied in all respects.

SO ORDERED.

Dated:   May 18, 2009

_____
Lewis A. Kaplan
United States District Judge