UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHINA NATIONAL CHARTERING CORP.
n/k/a CHINA NATIONAL
CHARTERING CO., LTD.,

        Plaintiff,

    -against-                     06 Civ. 13107 (LAK)

PACTRANS AIR & SEA, INC.,

        Defendant..
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

        Patrick F. Lennon
        Nancy R. Siegel
        Darin L. Callahan
        LENNON, MURPHY & LENNON, LLC
        *Attorneys for Plaintiff*

        Bill Xian Feng Zou
        LAW OFFICES OF XIAN FENG ZOU
        *Attorney for Defendant*

LEWIS A. KAPLAN, *District Judge.*

Plaintiff, China National Chartering Corp. ("CNCC"), petitions this Court to recognize, confirm and enforce an arbitration award made on March 31, 2009 in its favor against defendant, Pactrans Air & Sea, Inc. ("Pactrans") by the China Maritime Arbitration Commission ("CMAC"). Pactrans opposes enforcement because, among other reasons, it is challenging the arbitral award before the proper authority in China.

Pursuant to an April 24, 2006 charter party, CNCC chartered a vessel to Pactrans for the transport of goods.[1] CNCC claimed it was damaged by Pactrans and submitted its dispute to arbitration in accordance with the charter party.[2] The CMAC issued a final arbitration award in CNCC's favor on March 31, 2009 for $543,814.74 plus interest and fees to be paid within 30 days.[3] CNCC filed this petition to enforce the award on July 17, 2009. Pactrans challenged the award in the Tianjin Maritime Court in China on August 2009, over four months after it was issued.

*Enforcement of the Award*

The parties agree that enforcement of the award is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the Federal Arbitration Act.[4] Under the Convention, a court "shall confirm the award" unless one of the

---

[1] Pet. Br. 3.

[2] *Id.*; Lennon Decl. Ex. 2.

[3] *Id.* Ex. 3.

[4] Enforcement of Foreign Arbitral Awards (Convention), June 10, 1958, 21 U.S.T. 2517; 9 U.S.C. § 201.

2

Convention's seven enumerated exceptions applies.[5] A party opposing enforcement has the heavy burden of proving an exception's applicability.[6] Pactrans' strongest argument against immediate enforcement is that it has challenged the award in the Tianjin Maritime Court.

A district court has discretion to adjourn enforcement proceedings where an application has been made in the originating country to have the award set aside.[7] "A stay of confirmation," however, "should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration."[8] The Second Circuit has enumerated six non-exhaustive "competing concerns" to guide the exercise of a district court's discretion.[9]

---

[5] 9 U.S.C. § 207; *Encyclopedia Universalis S.A. v. Encyclopedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005).

[6] *Encyclopedia*, 403 F.3d at 90; *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998).

[7] Enforcement of Foreign Arbitral Awards Art. VI (Convention), June 10, 1958, 21 U.S.T. 2517 (enforcing authority "may, if it considers it proper, adjourn the decision on the enforcement of the award" if "an application for the setting aside or suspension of the award has been made to a competent authority" in the originating country. ); *Europcar*, 156 F.3d at 316.

[8] *Europcar*, 156 F.3d at 317.

[9] *Id.* at 317-18. The court considers:

> "(1) the general objectives of arbitration--the expeditious resolution of disputes and the avoidance of protracted and expensive litigation;
>
> "(2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
>
> "(3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
>
> "(4) the characteristics of the foreign proceedings including (i) whether

3

In this case, several considerations weigh in favor of enforcing the award. Confirming the award would advance the goals of the Convention, including the expeditious resolution of disputes and avoidance of litigation, as the parties already have spent time and resources fully arbitrating their differences. Pactrans' appeal appears to be in its relatively early stages. While it has filed a petition,[10] there is no evidence that any other action has been taken. Pactrans brought the appeal to set aside the award rather than to confirm it,[11] and acted after this motion for enforcement was filed. Additionally, Pactrans' appeal was filed four months after the award issued and three months after payment was due. The balance of hardships, if they are relevant at all in this case, certainly do not favor Pactrans, which would suffer no hardship except the requirement to comply with an arbitral award issued against it.

This court therefore declines to stay enforcement pending the outcome of the appeal

---

they were brought to enforce an award . . . or to set the award aside (which would tend to weigh in favor of enforcement); (ii) whether they were initiated before the underlying enforcement proceeding so as to raise concerns of international comity; . . . (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute;

"(5) a balance of the possible hardships to each of the parties . . . ; and

"(6) any other circumstances that could tend to shift the balance in favor of or against adjournment. . . .

"The first and second factors on the list should weigh more heavily in the district court's determination." *Id.*

[10] Zou Decl. Ex. A.

[11] *See MGM Prods. Group., Inc. v. Aeroflot Russian Airlines*, 573 F. Supp. 2d 772, 778 (S.D.N.Y. 2003) (finding that foreign appeal to set aside arbitration award brought after petition to confirm weighed in favor of enforcement).

4

to the Tianjin Maritime Court. Pactrans' remaining arguments against enforcement are without merit.

*Attorneys' Fees*

Under the American rule, a prevailing party ordinarily cannot recover attorneys' fees.[12] Where, however, a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," a court may award attorneys' fees under its inherent equitable powers.[13] In cases such as these, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."[14]

Pactrans has not paid the award for over seven months and waited over four months before filing its objection in the Tianjin Maritime Court. It has, however, answered Pactrans' petition for enforcement and has provided non-frivolous, though ultimately meritless, justifications

---

[12] *See Hirschfield v. Bd. of Elections in the City of New York*, 984 F.2d 35, 40 (2d Cir. 1993).

[13] *See F.D. Rich Co. v. United States*, 417 U.S. 116, 129 (1974); *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).

[14] *Int'l Chem. Workers Union*, 774 F.2d at 47 (quoting *Bell Prod. Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)) (internal quotation marks omitted).

5

for its opposition.[15]  Additionally, CNCC has not demonstrated that Pactrans delayed in bad faith.[16]

*Conclusion*

For the foregoing reasons, the petition to recognize, confirm and enforce the March 31, 2009 arbitral award [DI 71] is granted.  The request for attorneys' fees is denied.

SO ORDERED.

Dated:       November 13, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[15] *See Collins v. CSAM Capital, Inc.*, 05 Civ. 2368 (SHS), 2005 U.S. Dist. LEXIS 36989, at *6-7 (S.D.N.Y. Aug. 2, 2005) (declining to impose fees on party who withheld payment of arbitral award for four months while opposing enforcement petition); *cf. Universal Computer Serv., Inc. v. Dealer Servs., Inc.*, 02 Civ. 6563 (NGG), 2003 U.S. Dist. LEXIS 12237 (E.D.N.Y. July 17, 2003) (awarding attorneys' fees where party failed to pay arbitral award or oppose the petition for enforcement).

[16] *Collins*, 2005 U.S. Dist. LEXIS 36989, at *6-7.